UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA M. GODI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-561 NCC |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the Court for judicial review of the final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying the application of plaintiff Lisa M. Godi ("Plaintiff") for disability income benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 ("Act"). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the final decision of the Commissioner is affirmed.

**I.  BACKGROUND**

Plaintiff filed her application on March 11, 2020, alleging disability due to anxiety, depression, fibromyalgia, rheumatoid arthritis, Crohn's disease, bile reflux, bone degeneration, chronic pain, and migraines. (Tr. 280.) She was born on April 2, 1970, and was 48 years old on her February 17, 2020 alleged onset date. (Tr. 14, 221, 227.) Her application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 122-25, 127-33.)

On July 20, 2021, following a hearing, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. (Tr. 14-31.) The Appeals Council denied review. (Tr. 1-6.) Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## II.  ADMINISTRATIVE RECORD

The Court adopts the facts as set forth by the ALJ regarding Plaintiff's medical treatment, statements, administrative hearing testimony, and vocational history. These facts, taken together, present a fair and accurate summary of the medical record and testimony at the evidentiary hearing. The Court will discuss specific facts in detail where relevant to this appeal.

## III.  DECISION OF THE ALJ

In her July 20, 2021 decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the period of her alleged onset date, February 17, 2020, through September 30, 2020, her date last insured. (Tr. 16.)

The ALJ found that Plaintiff had multiple severe impairments, including anxiety, depression, fibromyalgia, rheumatoid arthritis, a compression fracture of a thoracic vertebra, status post kyphoplasty, degenerative disc disease of the lumbar spine, irritable bowel syndrome (IBS), asthma, and osteoarthritis of the right shoulder, left hip, and hands. (Tr. 17.) However, the ALJ found that she did not have an impairment or combination of impairments listed in or medically equal to one contained in 20 C.F.R. part 404, subpart P, appendix 1. (Tr. 17-20.)

The ALJ then determined Plaintiff had the residual functional capacity (RFC) to perform "light" work as defined under the regulations with additional limitations:

> [S]he could occasionally climb ramps and stairs but never climb ladders, ropes or scaffolds; and she could occasionally stoop, kneel, crouch, and crawl. She can frequently reach, handle, and finger bilaterally. She cannot have concentrated exposure to temperature

> extremes, vibration, or pulmonary irritants; no exposure to heights and hazards; and no more than moderate exposure to noise. [She] is further limited to simple, routine tasks in an environment with no more than minimal changes in setting or duties.

(Tr. 20.)

The ALJ found that Plaintiff's impairments precluded her from performing her past relevant work (PRW) as a personal care aid/home attendant with a specific vocational profile (SVP) of 3; office manager with an SVP of 7; and cashier checker with an SVP of 3. (Tr. 29.) Relying on vocational expert (VE) testimony, the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy, including office helper, SVP 2; furniture-rental consultant, SVP 2; and photocopy machine operator, SVP 2. (Tr. 30-31.) Consequently, the ALJ found that Plaintiff was not disabled under the Act during the relevant period from February 17, 2020 to September 30, 2020. (Tr. 31.)

## IV.  STANDARD OF REVIEW

The Court's role on judicial review of the Commissioner's final decision is to determine whether the Commissioner's findings applied the relevant legal standards to facts that are supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Id*. In determining whether the evidence is substantial, the Court considers evidence that both supports and detracts from the Commissioner's decision. *Id*. As long as substantial evidence supports the decision, the Court may not reverse it merely because substantial evidence exists in the record that would support a contrary outcome or because the Court would have decided the case differently. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002).

To be entitled to disability benefits, a claimant must prove she is unable to perform any substantial gainful activity due to a medically determinable physical or mental impairment that would either result in death or which has lasted or could be expected to last for at least twelve continuous months. 42 U.S.C. § 423(a)(1)(D), (d)(1)(A); *Pate-Fires*, 564 F.3d at 942. A five-step regulatory framework is used to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a)(4); *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (describing five-step process).

Steps one through three require the claimant to prove: (1) she is not currently engaged in substantial gainful activity; (2) she suffers from a severe impairment; and (3) her condition meets or equals a listed impairment. 20 C.F.R. § 404.1520(a)(4)(i)-(iii). If the claimant does not suffer from a listed impairment or its equivalent, the Commissioner's analysis proceeds to steps four and five. Step four requires the Commissioner to consider whether the claimant retains the RFC to perform PRW. *Id.*; 20 C.F.R. § 404.1520(a)(4)(iv). The claimant bears the burden of demonstrating she is no longer able to return to her PRW. *Pate-Fires*, 564 F.3d at 942. If the Commissioner determines the claimant cannot return to her PRW, the burden shifts to the Commissioner at step five to show the claimant retains the RFC to perform other work that exists in significant numbers in the national economy. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v).

## V.   DISCUSSION

Plaintiff argues the ALJ erred in failing to consider her symptoms from IBS in formulating her RFC. She further argues there was a conflict between the VE testimony and the Dictionary of Occupational Titles (DOT) in that the DOT's designation of reasoning level 2 for the jobs of office helper and photocopy machine operator, and reasoning level 3 for the job of furniture rental

consultant, is inconsistent with her RFC's limitation for "simple, routine tasks in an environment with no more than minimal changes in settings or duties." The Court disagrees on both counts.

### A. Residual Functional Capacity

Plaintiff argues the ALJ erred in failing to incorporate any restriction attributable to her IBS, specifically, the need to take frequent bathroom breaks, in formulating her RFC. She complains that despite the ALJ's finding that her IBS was a severe impairment, the RFC is devoid of any work limitation caused by her IBS.

The Commissioner counters that Plaintiff failed to demonstrate that she had work-related limitations from IBS or her alleged symptoms during the relevant period. The Commissioner argues that substantial evidence supports the ALJ's decision not to incorporate additional bathroom breaks in Plaintiff's RFC based exclusively on her testimony, which was contradicted by the record.

Residual functional capacity is a function-by-function assessment of an individual's ability to do work-related activities based on all the evidence. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). The ALJ retains the responsibility of determining a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians, examining physicians, and others, as well as the claimant's own descriptions of her limitations. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). Ultimately, RFC is a medical question, which must be supported by medical evidence contained in the record. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The claimant has the burden to establish RFC. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016). The RFC need only include the limitations supported by the record. *Tindell v. Barnhart*, 444 F.3d 1002, 1007 (8th Cir. 2006).

In support of her argument, Plaintiff relies exclusively on her testimony from the administrative hearing.  Plaintiff testified that Crohn's disease, a type of inflammatory bowel disease, causes her to experience disabling cramping and constipation, as well as diarrhea that occurs "every half hour to an hour" and that has worsened since her alleged onset date.  (Tr. 17, 21, 44-45.)

As an initial matter, the Court notes Plaintiff did not challenge the ALJ's finding that her Crohn's disease was not a medically determinable impairment.  The ALJ found the record evidence did not support a current diagnosis of Crohn's disease, specifically noting that this finding was confirmed by Plaintiff's treating primary care provider during the relevant period who wrote that Plaintiff did not have a diagnosis of Crohn's disease listed in her chart, nor was there medical evidence, e.g., a biopsy, to support one.  (Tr. 17, 1137.)  Plaintiff also fails to cite any record or medical opinion evidence that supports her alleged disabling symptoms.  Congress expressly prohibits granting disability benefits based on a claimant's subjective complaints.  *See* 42 U.S.C. § 423(d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability."); 20 C.F.R. § 404.1529(a) (An ALJ will consider all of a claimant's statements about symptoms including pain, but statements about pain or other symptoms "will not alone establish" a claimant's disability).  The Court therefore concludes Plaintiff has failed to establish disabling symptoms of IBS from her testimony alone.

The record evidence is also inconsistent with Plaintiff's testimony that she had disabling IBS symptoms during the relevant period.  *Cf. Hood v. Colvin*, 2015 WL 438168, at *3 (W.D. Mo. Feb. 3, 2015) (ALJ properly excluded IBS-related limitations from the RFC where the plaintiff's testimony was not supported by the evidence).  The record evidence showed Plaintiff had a past

medical history of IBS, which the ALJ found was a severe impairment at step two.  (Tr. 17.)  However, Plaintiff never sought treatment specifically for IBS or diarrhea, cramping, or constipation during the relevant seven-month period.  (Tr. 22-29, 459-63, 491-524, 527-35, 608-16, 837-49, 853-58, 865-73, 915-18, 932-77, 994-1014, 1110-14, 1121-25.)  She regularly denied these symptoms, referred to them on only a few occasions on the Review of Systems, and was never followed up or treated for the symptoms.  (Tr. 23-29, 461, 520, 532, 608, 613, 839, 917, 971, 998, 1112.)  On two occasions, in April and September 2020, Plaintiff noted constipation on the Review of Systems while being seen for other health issues.  (Tr. 23, 27, 845, 1121.)  Also, on June 17, 2020, Plaintiff saw her rheumatologist for joint pain and noted abdominal pain, diarrhea, and constipation on the Review of Systems.  (Tr. 24, 866-70.)  However, the following day, Plaintiff denied gastrointestinal symptoms on the Review of Systems and reported normal bowel and bladder habits.  (Tr. 25, 916-17.)  Finally, on July 6, 2020, during a rheumatology follow-up, Plaintiff again noted abdominal pain, diarrhea, and constipation on the Review of Systems.  (Tr. 25, 933.)

In sum, the record evidence shows that Plaintiff had no abnormal abdominal examinations during the relevant period.  (Tr. 22-29, 461, 498, 506, 521, 533, 610, 614, 841, 847-48, 867, 917-18, 934, 943, 947, 949, 952-53, 998-99, 1006.)  Nor was she diagnosed or treated for IBS or symptoms of IBS during the relevant period.  (Tr. 22-29, 461-62, 493-94, 502, 523, 534, 611, 614, 837, 842-44, 868-70, 918, 934-35, 943-44, 947, 952, 1000, 1122.)  She was not referred to a gastroenterologist and did not consult with gastroenterologist during the relevant period.  (Tr. 22-29, 253-55, 283-87, 343-44, 374, 382-84).  Finally, none of Plaintiff's providers identified any functional limitations related to IBS or her alleged symptoms.  (Tr. 22-29, 1137.)  *See Hood*, 2015

WL 438168, at *3 (finding ALJ properly excluded limitations for IBS where no providers attributed any functional limitations to IBS).

Moreover, in her Disability reports, Plaintiff did not report that she had IBS or that she had sought treatment for IBS. (Tr. 22-99, 253-55, 283-87, 343-44, 374, 382-84.) Additionally, on April 30, 2020, Plaintiff's doctor noted that "she recently lost her job, about two weeks ago and she tells me that she had a difficult time standing for long periods of time that was apparently required for her job." (Tr. 23, 376, 843.)

Based on the above, the Court concludes Plaintiff failed to demonstrate that she had work-related limitations from IBS or her alleged symptoms during the relevant period. Substantial evidence therefore supports the ALJ's decision not to incorporate additional bathroom breaks in her RFC based exclusively on Plaintiff's testimony, which was contradicted by the record evidence. Accordingly, the Court concludes the ALJ committed no error.

**B. ALJ's Step Five Finding as to Other Work**

Plaintiff next argues that the ALJ erred in failing to resolve a conflict between the VE's testimony and the DOT. The Court disagrees.

At the administrative hearing, the VE testified to the following. Plaintiff has PRW as a personal care aid/home attendant, SVP level 3; office manager, SVP level 7; and cashier checker, SVP level 3. (Tr. 63-66.) The VE testified at length about the varying degree of skill and exertional and nonexertional demands required for Plaintiff's past jobs and various representative jobs involving various functional limitations. (Tr. 64-69.)

The ALJ then posed a hypothetical to the VE that described an individual with Plaintiff's vocational factors and RFC, which included limitations for "simple, routine tasks in an

environment with no more than minimal changes in settings or duties." (Tr. 67-68.) The VE testified that such an individual was unable to perform Plaintiff's PRW but could perform work that exists in significant numbers in the national economy, including office helper (DOT 239.567-010), SVP level 2; furniture rental consultant (DOT 295.357-018), SVP level 2; and photocopy machine operator (DOT 207.685-014), SVP level 2. The VE testified that her testimony did not conflict with nor was it inconsistent with the DOT and explained other proper sources for addressing various work-related limitations not discussed in the DOT. The ALJ then invited further questions or clarifications from the participants at the hearing. (Tr. 63-71.)

Plaintiff contends that the DOT's designation of reasoning level 2 for the jobs of office helper and photocopy machine operator is inconsistent with her RFC's limitation for "simple, routine tasks in an environment with no more than minimal changes in settings or duties." She argues the requirements of the jobs enumerated by the ALJ require a level of functioning that is higher than a simple routine level, and thus the VE's testimony was inconsistent with the DOT. She contends the ALJ's RFC limiting her to "simple and routine tasks" is equivalent to the ability of reasoning level 1 of the DOT. Finally, she complains that the job of furniture rental consultant is beyond her capacities because it requires a reasoning level of 3, two steps above the reasoning level 1 delineated by the ALJ in her RFC finding. Plaintiff asserts these discrepancies were not explained by the VE or the ALJ.

In support of her argument, Plaintiff cites *Stanton v. Commissioner of Social Security Administration*, 899 F.3d 555, 559 (8th Cir. 2018) and *Thomas v. Berryhill*, 881 F.3d 672, 678 (8th Cir. 2018). *Stanton* and *Thomas* are not instructive, however. In both of those cases the ALJ formulated a more restrictive RFC which limited the claimant to one-to-two step tasks. In *Stanton*,

the hypothetical posed by the ALJ to the VE and the ALJ's RFC determination both limited the claimant to level 1 reasoning.  *Stanton*, 899 F.3d at 558.  Level 1 reasoning is described as the ability to apply "commonsense understanding to carry out one-to-two-step instructions."  DOT 1011.  In *Thomas*, the ALJ incorporated the definition of level 1 reasoning into the RFC determination when he limited the claimant to work involving the complexity of "1 to 2 step tasks."  *Thomas*, 881 F.3d at 677-78.

The Commissioner has ruled that an ALJ may not rely on a VE's testimony about the requirements of a job if an "apparent unresolved conflict" exists between that testimony and the job's description in the DOT.  *See Moore v. Colvin*, 769 F.3d 987, 989-90 (8th Cir. 2014) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)).  Here, however, the ALJ did not limit the hypothetical to "one-to-two-step" instructions; rather, she stated that the individual could carry out "simple, routine tasks in an environment with no more than minimal changes in settings or duties."  Therefore, the Court cannot rely on *Stanton* and *Thomas* to find there is an apparent unresolved conflict between the hypothetical and the two jobs proffered by the VE.

Plaintiff's assertion that she could not perform reasoning level 2 jobs is also without merit.  The VE testified that an individual with Plaintiff's RFC and vocational factors could perform level SVP 2, unskilled work, including the jobs of office helper and photocopy machine operator, with the above-stated limitations.  The VE is highly knowledgeable of the DOT, including its definitions, such as reasoning level 2.  *See*, *e.g.*, Office Helper, DOT 239.567-010, *available at* 1991 WL 672232 (defining reasoning level 2 as involving "[a]pply[ing] commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal[ing] with problems involving a few concrete variables in or from standardized situations"); *see also*

Social Security Ruling (SSR) 00-4p ("unskilled work corresponds to an SVP of 1-2").  Consistent with the VE's testimony, the Eighth Circuit has recognized that level 2 reasoning is consistent with the ALJ's RFC here.  *Cf. Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007) (no conflict appeared to exist where jobs in question had reasoning level 2, were both classified as unskilled, and did not appear to be complex).

Plaintiff finally argues that the furniture rental consultant job, with a reasoning level 3, conflicts with the DOT or exceeds her RFC's mental limitations.  The Court disagrees.  Assuming *arguendo* there is a potential inconsistency, the Court finds no error on the part of the ALJ.  The Court notes that Plaintiff previously worked as an office manager, SVP level 7.  (Tr. 29, 64-65.) Plaintiff alleged she stopped working due to *physical* reasons (Tr. 23, 376, 843), and mental-status examinations during the relevant period did not reveal any cognitive deficits.  (Tr. 23-29, 461, 497-98, 521, 533, 610, 614, 841, 847-48, 867, 917-19, 934, 943, 947, 952-53, 998-99, 1006, 1122.) *Cf. Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014) (citing *Renfrow*, 496 F.3d at 921 (VE's opinion that claimant who was limited to "simple, routine, repetitive work" could work as a cashier was not inconsistent with DOT description of cashier requiring level 3 reasoning)).  Finally, even if the furniture rental consultant job was excluded, substantial evidence still supports the ALJ's finding at step-five as the office helper and photocopy machine operator jobs together exceeded 90,000 jobs.  (Tr. 30-31.)  *Cf. Welsh*, 765 F.3d at 930 (claimant's ability to perform "most" of the 330 surveillance systems monitor and call out operator jobs that existed in Iowa was a sufficient number of jobs in the national and local economies to fulfill Commissioner's burden at step five).  Thus, the Court concludes Plaintiff's argument regarding the furniture rental consultant job is without merit.

Testimony from a VE based upon a properly phrased hypothetical constitutes substantial evidence supporting the ALJ's decision.  *See Milam v. Colvin*, 794 F.3d 978, 985-86 (8th Cir. 2015).  As the ALJ posed a proper hypothetical and the VE testified that an individual with Plaintiff's limitations could perform work existing in significant numbers in the national economy, this Court concludes substantial evidence supports the ALJ's step-five finding that Plaintiff was capable of performing other work.

## VI.  CONCLUSION

For all of the reasons set forth above, the Court concludes substantial evidence supports the ALJ's decision as a whole.  The decision is affirmed.  A separate Judgment is issued separately.

/s/ Noelle C. Collins
**UNITED STATES MAGISTRATE JUDGE**

Signed on 5th of September, 2023.